UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GAIL ANN VAN KIRK,<br><br>                   Plaintiff,<br>  v.<br><br>BANK OF AMERICA CORPORATION; a corporation of unknown origin; BANK OF AMERICA, N.A. AS SUCCESSOR TO COUNTRYWIDE HOME LOANS, INC., a Delaware corporation; BAC HOME LOANS SERVICING, L.P., a limited partnership of unknown origin and a wholly-owned subsidiary of Bank of America, N.A.; NORTHWEST TRUSTEE SERVICES, INC., an Idaho Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a Delaware corporation; FEDERAL NATIONAL MORTGAGE ASSOCIATION, a Federally Chartered Corporation; and DOES 1-10 as individuals or entities with an interest in the property commonly known as: 11061 West Wagon Pass Street, Boise, Idaho 83709,<br><br>                   Defendants. | Case No. 1:11-cv-00621-BLW-REB<br><br>**ORDER** |

      On August 15, 2012, United States Magistrate Judge Ronald E. Bush issued a

Report and Recommendation (Dkt. 15), recommending that Defendants' Motion to

Dismiss (Dkt. 4) be granted. Any party may challenge a magistrate judge's proposed

**ORDER - 1**

recommendation by filing written objections within fourteen days after being served with a copy of the Magistrate Judge's Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the Magistrate Judge. *Id.*; *see also* Fed. R. Civ. P. 72(b).

Plaintiff filed an objection challenging the Report and Recommendation's conclusion that his Complaint be dismissed in part. (Dkt. No. 32). Defendants also filed an objection challenging the Report and Recommendation's conclusion that the Complaint not be dismissed in part. (Dkt. 31). The Court has considered the objections and conducted a *de novo* review of the record. The Court agrees with Judge Bush's conclusions, except for his decision that as to Plaintiff's declaratory relief claim, it cannot be said as a matter of law that Northwest is a valid trustee.  The Court will explain below.

## I.     Plaintiff's Objections

In his Report and Recommendation, Judge Bush recommended dismissal of all of Plaintiff's claims except one claim for declaratory relief. Plaintiff objects to the recommendation to dismiss any of his claims.

The Court agrees with Judge Bush's recommendation to dismiss the FDCPA claim, the fraud and RICO claims, the breach of fiduciary duty claim, and the IIED claim. Several of these claims barely deserve mention, as they are clearly baseless. On the IIED

ORDER - 2

claim, Plaintiff has not alleged the type of conduct which supports an IIED claim. On the breach of fiduciary duty claim, the defendants did not owe Plaintiff such a duty. On the fraud claim, Plaintiff did not plead with specificity as required by the rules. On the RICO claim, Plaintiff's allegations are, as Judge Bush put it, "threadbare at best as to the particular nature of the alleged fraud or the pattern of racketeering activity." *R & R*, p. 24 (Dkt. 28).

On the FDCPA claim, Judge Bush correctly determined that even if Defendants are debt collectors, which very likely is not the case, Plaintiff's allegations do not assert a violation of the FDCPA. Defendants did not mislead Plaintiff with regard to collection of debt, Northwest had the authority to sell the property pursuant to the Deed of Trust, and any other allegations of wrongful conduct are without "factual allegations tethering such violations to Defendants' conduct." *Id*. at 14. Accordingly, Plaintiff's objections are without merit.

## II.     Defendants' Objections

As noted above, in his Report and Recommendation, Judge Bush recommended dismissal of all of Plaintiff's claims except one claim for declaratory relief. Even as to that claim, Judge Bush recommended that this Court reject the bulk of Plaintiff's arguments. However, Judge Bush recommended not dismissing the entire claim because he questioned whether Northwest was a valid trustee. Judge Bush did not reject the contention that Northwest was a valid trustee; instead he simply stated that it is not apparent as a matter of law based upon the record before the Court.

ORDER - 3

In reaching his recommendation, Judge Bush correctly rejected Plaintiff's argument that because MERS is not a valid beneficiary, it necessarily lacked the ability to transfer the beneficial interest to Bank of America ("BOFA") and, therefore, BOFA also does not have the authority to appoint Northwest as the trustee. MERS is a valid beneficiary, as explained in section C2 of the Report and Recommendation. Any argument to the contrary has been rejected by multiple jurisdictions, including the District of Idaho and the Ninth Circuit. *See e.g.*, *Cherian v. Countrywide Home Loans, Inc.*, 2012 WL 2865979, *4 (D.Idaho); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011).

Judge Bush therefore correctly reasoned that as a valid beneficiary, MERS properly assigned its interest in the Deed of Trust to BOFA which, in turn, appropriately appointed Northwest successor trustee. However, Judge Bush explained that this assumes that BOFA had the beneficial interest necessary in order to appoint a successor trustee. Judge Bush explained that the record is unclear in this respect, particularly where the record appears to reflect that Fannie Mae maintains some interest in the Property. See Exs. D & E to Pl.'s Compl. (Dkt. 1, Atts. 4 & 5). The extent of that interest, Judge Bush noted, or when such an interest came into focus, is also unclear. Judge Bush explained that it may indeed be the case, but he could only conclude that Northwest *may* be a valid trustee.

Judge Bush also indicated that he could only conclude that Defendants *may* have properly recorded title and assignment documents in compliance with Idaho's foreclosure

statutes, but that too is not apparent as a matter of law on the record. Judge Bush explained that on its face, it would seem that Defendants complied with Idaho's foreclosure statutes by recording the Deed of Trust's assignment, but as with the questions surrounding whether Northwest is a valid trustee, Fannie Mae's role in this action "muddies the waters" on the issue of whether Defendants ultimately satisfied their recording obligations.

Considering the record and the myriad of arguments thrown at the Court by Plaintiff, it is no wonder Judge Bush felt reluctant to make such a definitive finding on these two narrow issues. This is especially true given the fact that counsel did not focus on them. However, after reviewing Defendants' objection, which is essentially a clarification answering Judge Bush's questions, and noting that Plaintiff did not respond to the explanation, the Court concludes that the claim for declaratory relief should be dismissed.

As Judge Bush explained, BOFA became the beneficiary when MERS assigned its interest in the Deed of Trust to BOFA. As the trust deed beneficiary, BOFA appointed Northwest Trustee successor trustee. Idaho Code 45-1504(2) gives BOFA the authority to do that, stating that "[t]he trustee may . . . be replaced by the beneficiary." I.C. 45-1504(2).

Moreover, the Ninth Circuit has recently held that a deed of trust will only become unenforceable where the note and deed are irreparably split when "MERS or the trustee, as nominal holders of the deeds, are not agents of the lenders." *Cervantes v. Countrywide*

*Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011). The fact that MERS is identified as the beneficiary under the Deed of Trust for the benefit of the lender, its successors and assigns, does not create a split between the Note and the Deed of Trust. The Deed of Trust follows the Note, and the agency relationship remains for subsequent parties to whom the note is properly assigned. Thus, Northwest Trustee was properly appointed and is a valid Trustee of the Deed of Trust. In turn, there is no ambiguity regarding Defendants' compliance with Idaho foreclosure statutes. Registration of the transfer of the Note from the original lender to Fannie Mae via the MERS electronic registration system was proper. *Cervantes*, 656 F.3d at1039. Accordingly, Defendants' objection is sustained and the case will be dismissed in its entirety.

## ORDER

**IT IS ORDERED:**

1. Having conducted a *de novo* review of the Report and Recommendation, the Court finds that Magistrate Judge Bush's Report and Recommendation is well founded in law and consistent with the Court's own view of the record, except for the very narrow issue on declaratory relief. Therefore, acting on the recommendation of Magistrate Judge Bush, and this Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Report and Recommendation entered on August 15, 2012, (Dkt. 28), shall be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety,

except with respect to the narrow issue on declaratory relief. With respect to that issue, the Court will grant Defendants' objection as explained above.

2. Plaintiff's Objection to Report and Recommendation (Dkt. 32) is **DENIED**.

3. Defendants' Response to Report and Recommendation Re: Defendants' Motion to Dismiss Complaint (Dkt. 31) is **GRANTED**.

4. The Court will enter a separate judgment in accordance with Federal Rule of Civil Procedure 58.

DATED: October 1, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court